IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES R. SCHNELLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-0197-CV-W-ODS |
| | ) | |
| CENTRAL STATES PENSION FUND | ) | |
| and TEAMSTERS LOCAL #41, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER AND OPINION (1) GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND (2) DENYING AS MOOT PLAINTIFF'S MOTION BARRING
DEFENDANTS FROM FILING FURTHER MOTIONS FOR SUMMARY JUDGMENT

Pending is Defendant's Motion for Summary Judgment. Plaintiff has filed a
response, but he has not responded to the individual allegations in Defendant's
Statement of Uncontroverted Facts. Plaintiff also has not supported any of his factual
allegations (or denial of Defendant's allegations) in the manner required by Rule 56 of
the Rules of Civil Procedure. Therefore, the Court must accept Defendant's Statement
of Uncontroverted Facts as true. Local Rule 56.1(a).

Defendant is a pension fund established to provide pension benefits to
individuals who earn credits from employment while members of the Teamster's Union.
Plaintiff was a member of the Union at various times between 1972 and 1994, but due
to various terms of unemployment and the terms of the Union's Collective Bargaining
Agreements ("CBA"), Plaintiff accumulated 17.170 years of contributory service credit
before he retired.

In October 1982, Plaintiff was laid off by his then-employer, IML Freight Lines
("IML"). Accordingly, IML ceased making pension contributions on Plaintiff's behalf at
that time. Plaintiff is entitled make self-contributions for up to three years if he retained
seniority during the time he was laid off, thereby continuing to earn service credit.[1]

---

[1]If Plaintiff is otherwise eligible, timeliness is not an issue. Self contributions for
periods before January 1, 1994 can be made at any time, although interest may accrue.

Plaintiff retired in February 2001 at the age of 53 and was approved for a Contribution Pension. The amount of such a pension is based on a percentage of the contributions made by employers during the employee's term(s) of employment; based on this formula, Plaintiff receives $221.39 per month. Plaintiff contends he should be permitted to make self-contributions for the time when he was laid off from IML, which will qualify him for a Deferred Pension and higher monthly pension payments.[2]

As stated, a laid-off employee might be eligible to make as many as three years' worth of self-contributions, which would qualify Plaintiff for a Deferred Pension.[3] The issue is whether he retained seniority while he was laid off by IML, thus making him eligible to make such contributions. This determination is committed to Defendant's trustees, and they have broad discretion to resolve controversies and evaluate claims for benefits. Plaintiff can prevail only if he can demonstrate the trustees' decision is arbitrary and capricious. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989) (establishing standard generally); Oldenburger v. Central States, Southeast and Southwest Areas Teamster Pension Fund, 934 F.2d 171, 173-74 (8th Cir. 1991) (finding Defendant's documents bestow discretion sufficient to trigger abuse of discretion standard for judicial review).

To demonstrate he retained seniority after he was laid off by IML in 1983, Plaintiff presented the trustees with a purported seniority list from that year that included his name. The trustees identified several reasons for doubting the validity of the evidence, including most notably the fact IML made pension contributions for individuals below Plaintiff's seniority level. The only reason IML would have made contributions for these individuals is if they were working, but Plaintiff purportedly had a higher seniority level

---

[2]Defendants attribute several other arguments to Plaintiff, but in his motion to bar further summary judgment motions he denies relying upon them. These arguments will not be discussed further.

[3]Based on his age when he retired, Plaintiff needed thirty years of service credit to qualify for an Early Retirement Pension. Even if Plaintiff were eligible to make three year's worth of self-contributions, he still would not have enough service credit to qualify, so there is no need to discuss the Early Retirement Pension further.

and so should have been working as well as (or instead of) those below his level. This inconsistency led the trustees to conclude Plaintiff did not retain seniority while he was laid off, thus disqualifying him from making self-contributions. The trustees' determination that this evidence was insufficient does not constitute an abuse of discretion.

Plaintiff has submitted an affidavit from Forrest Stewart that discusses the matter generally and includes a copy of a seniority list. It appears this information constitutes the material Plaintiff already submitted to the trustees, so it does not justify a different resolution. If this is new information the trustees have not seen, Plaintiff should submit it to the trustees so they can consider it. Either way, Plaintiff is not entitled to redress in this forum.

Plaintiff presented another argument to the trustees that he has not appeared to raise in this proceeding. However, in an abundance of caution the Court will address them. Plaintiff contended he was entitled to make self-contributions following a subsequent layoff (by a subsequent employer) in September 1994. However, in contrast to self-contributions for periods before January 1, 1994, self-contributions made after January 1, 1994, must be made by the end of the calendar year after the year to which the contributions are to be applied. Thus, even if Plaintiff was eligible to make self-contributions due to his September 1994 layoff, his time for doing so expired long ago.

Defendants have expressed a willingness to consider any new evidence Plaintiff may procure. Indeed, the lack of a time limitation for making self-contributions for the time period in question practically insures this opportunity will continue to exist. The Court's review is constrained to the present record, and the undisputed facts do not demonstrate Defendants have abused their discretion. Defendants' Motion for Summary Judgment (Doc. # 16) is granted, and Plaintiff's Motion to Bar Defendants from Filing Further Motions for Summary Judgment (Doc. # 24) is denied as moot.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: October 2, 2007                    UNITED STATES DISTRICT COURT

3